Hardee *v.* Carter.

1. Where machinery is bought for a certain purpose, and after its reception it proves, upon trial, not to be adapted to the purpose, but the purchaser nevertheless retains it, an action for the price cannot be defeated upon a plea of total failure of consideration, unless the evidence shows that the machinery was wholly valueless for any purpose.

2. The evidence being silent as to any representation, stipulation or inquiry touching the kind of horses which would be requisite to operate the machinery manufactured by the plaintiff and sold by him to the defendant, it was error to instruct the jury that if the defendant was to use such stock as was ordinarily used for farm purposes and none other, and if it took horses of greater capacity or heavier weight than ordinary horses, it was the duty of the plaintiff to put the defendant on notice of that fact; and if he concealed it, or represented that the machinery could be used ordinarily upon farms, the defendant would not be bound to use other than ordinary farm horses; and if horses of greater capacity were required, and the plaintiff concealed that fact, this was a fraud on his part, and he could not recover.    *Judgment reversed.*

April 9, 1894.  Argued at the last term.

Complaint on account.  Before Judge Butt.  Talbot superior court.  March term, 1893.

Hardee sued Mrs. Carter on an account for a machine of two-horse power, for cotton gin use.   Defendant pleaded that plaintiff, knowing that the machine was bought for running a gin, reported that it was reasonably suitable for the purpose intended and was suitable for running defendant's ginnery; but, though used as directed by plaintiff, the same was not suitable for running said ginnery and could not be used for that purpose.   Also, that the machine was represented as being first class and a perfect and complete machine; but it was not first class nor perfect and complete, and was worthless and of no value; wherefore " the conditions of said note has wholly and entirely failed."   The jury found for the defendant, and plaintiff's motion for a new trial was overruled.   The motion alleges that the ver-

dict is contrary to law and evidence, and that the court erred in charging the jury as follows:

"Mrs. Carter has filed her plea of total failure of consideration, in which she sets up the fact that she purchased the horse-power for a certain purpose, to wit, for ginning cotton, threshing, or for sawing wood. The defendant says by her plea, and has introduced certain testimony in support thereof, that she bought the horse-power for the purpose of ginning cotton. Now, if it was represented to her to be suitable for the purpose for which she bought it, and it failed, then she would not be liable to pay the plaintiff, and the plaintiff could not recover against her.

"In making the test, gentlemen of the jury, it being horse-power, I charge you this to be the law: that if she was to use just such stock as was ordinarily used for farm purposes and none other, and if it took horses of greater capacity or heavier weight than the ordinary horses, it was the duty of the plaintiff in this case to have put her on notice of that fact. If that fact was concealed from her, or if the plaintiff represented to her that they could be used ordinarily upon farms for the purpose of ginnery, then she would not be bound to furnish any other than an ordinary farm horse; and if it took horses of greater capacity, and the plaintiff concealed that fact from her, then it was a fraudulent act upon his part, and the plaintiff could not recover."

J. M. MATHEWS, for plaintiff.