## SEABOARD LUMBER COMPANY *v.* CORNELIA PLANING MILL COMPANY.

There was no substantial variance between the allegata and the probata. The car of lumber was sufficiently identified. There was no error of law. The evidence sustained the verdict, and the judgment refusing a new trial is affirmed.

Argued February 4, — Decided March 7, 1905.

Action on contract. Before Judge Reid. City court of Atlanta. June 2, 1904.

The Cornelia Planing Mill Company brought an action against the Seaboard Lumber Company, alleging that the plaintiff had purchased from the defendant a car-load of No. 1 common lumber to be delivered at Cornelia, Georgia. Collection was by draft with bill of lading attached, and payment was made before the lumber was inspected. Upon delivery it was found to be of inferior quality. The plaintiff sued for the difference in value between that ordered and that received. The jury found for the plaintiff, and the defendant made a motion for a new trial, on the general grounds, and on the ground that the proof failed to establish the allegation of the petition that the plaintiff notified the defendant to take back the lumber in question, stating that if this was not done, the plaintiff would sell it at the defendant's risk. Error was assigned also on the admission of the testimony of a witness identifying the car.

*C. L. Pettigrew* and *Joseph W. & John D. Humphries,* for plaintiff in error.

LAMAR, J. (After stating the facts.) Where goods of one quality are ordered, and those of an inferior quality are shipped, the rights of the parties and the measure of damages become fixed at the moment of the breach. The plaintiff here became entitled to the difference in value between No. 1 lumber ordered and the inferior lumber shipped. A resale was one of the methods of arriving at the amount of the damage. But while the plaintiff was not obliged to resell, it was bound to establish the amount of its damages measured by the rules of law applicable to such cases. *Americus Co.* v. *Brackett,* 119 *Ga.* 489 ; cf. Civil Code, § 355. This it did. The car of lumber was sufficiently identified. There was no variance between the proof and the material allegations of the petition. We find no error in the refusal to grant a new trial.

*Judgment affirmed. All the Justices concur.*