## 1881. CABLE COMPANY v. McFEELEY.

Where a contract embodied in two separate written instruments, simultaneously executed and delivered, contains contradictory and ambiguous terms, parol evidence is admissible to explain the contradiction and remove the ambiguity.

Certiorari; from Richmond superior court—Judge Hammond. April 10, 1909.

Submitted June 24, 1909.—Decided February 22, 1910.

*Pierce Brothers,* for plaintiff.

*Strange & Evans, B. B. McCowen,* for defendant.

RUSSELL, J.  McFeeley agreed to purchase a piano from the Cable Company and to give in exchange therefor an organ and $210 in money.  He executed his note to the piano company for $210 principal, with interest from date at the rate of 8 per cent. per annum.  At the same time, and as a part of the same transaction, the agent of the piano company gave him the following receipt: "Received of Mr. V. A. McFeeley one organ, for which we allow him in trade on a piano $90.  Balance due $210.  No interest.  Cable Company, per J. M. Johnson."  The note contained the usual stipulations with regard to reservation of title in the vendor until payment of the purchase-money, and also stated that no salesman was authorized to make any promise or agreement not embraced therein.  McFeeley paid the principal of the note, but refused to pay the interest.  The piano company sued him for the interest, in a justice's court, and a verdict was rendered in his favor.  The plaintiff excepts to the overruling of its certiorari.

It was frankly conceded by the agent for the piano company that no interest was to be charged.  He testified that when he sent the note to the company he informed them of this fact.  McFeeley also testified that it was expressly agreed that no interest was to be charged.  It is contended by the piano company that the court erred in admitting this evidence, for the reason that it varied the terms of the written contract,—to wit, the promissory note,— which provided that interest would be paid from the date of the note.  While it is generally true that where a promissory note provides that it shall bear interest from date, parol evidence would be inadmissible to show a prior or contemporaneous agreement to the effect that it should bear interest only from maturity, still we are

of the opinion that there was no error in admitting the parol evidence in the case at bar. In the first place, the contract was embodied in two writings, to wit, the note and the receipt. They were executed simultaneously as a part of one and the same transaction, and the receipt was just as much a part of the contract as the note itself. Compare *Heitmann* v. *Commercial Bank,* 6 *Ga. App.* 584 (65 S. E. 590). See also *Marietta Savings Bank* v. *Janes,* 66 *Ga.* 286; *Martin* v. *Monroe,* 107 *Ga.* 330 (33 S. E. 62). The written contract, therefore, contained contradictory and ambiguous recitals, in one part it being stipulated that interest should be paid, and in another part it being stipulated that no interest should be paid. According to a well-settled rule, parol evidence was admissible to explain this contradiction and to remove the apparent ambiguity. Civil Code, §5202.        *Judgment affirmed.*