### 3409. STIMPSON SPECIALTY CO. v. PARKER.

HILL, C. J. 1. "Where machinery is bought for a certain purpose, and after its reception it proves, upon trial, not to be adapted to the purpose, but the purchaser nevertheless retains it, an action for the price can not be defeated upon a plea of total failure of consideration, unless the evidence shows that the machinery was wholly valueless for any purpose." *Harder* v. *Carter,* 94 *Ga.* 482 (19 S. E. 715).

2. A plea of total failure of consideration, to an action upon a promissory note given for the purchase-price of a "sausage mill, No. 40 coffee mill," is not supported, unless the evidence shows that the mill was entirely worthless as a sausage mill, or as a coffee mill; and especially is this true where the written contract of purchase fails to disclose that the mill was intended to be used solely as a sausage mill, and not as a coffee mill, and the evidence also fails to show in what particulars the mill was defective, either as a sausage mill or as a coffee mill, and it does appear that it was worth as a coffee mill the amount of the purchase-price for which the note was given and on which the suit was brought.

3. To support a plea of total failure of consideration to a suit on a promissory note given for the purchase-price of machinery, the defendant must establish by evidence that the machinery purchased by him was entirely worthless for any purpose; the jury would not be authorized to render a verdict giving the defendant the benefit of a partial failure of consideration, in the absence of any data from which a reduction could be made from the contract price, although a plea of total failure of consideration includes a plea of partial failure of consideration. *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806); *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.,* 125 *Ga.* 558 (54 S. E. 538).

*Judgment reversed.*

DECIDED JANUARY 15, 1912.

Complaint; from city court of Tifton—Judge R. Eve. April 3, 1911.

The Stimpson Specialty Company sued Parker on a promissory note given by him for the purchase-price of a machine described in the contract of purchase embodied in the note as a "sausage mill, # 40 coffee mill." The defendant filed a plea of total failure of consideration, in which he set up that the mill was bought as a sausage mill, and not as a coffee mill, and that it was worthless for

the purpose for which it was bought. The contract does not disclose whether the mill was to be used exclusively as a sausage mill or as a coffee mill, or for both purposes. The defendant assumed the burden of proof as to the plea of total failure of consideration, and testified, that he bought the machine "to be used solely as a sausage mill;" that he endeavored to use it as a sausage mill, but was unable to do so, for when it was put in operation the "gear gave way," and he was unable to run it, and it was not suited for the purpose intended; that he had never ran a machine of this kind before; that about two weeks after the machine had been received he "showed it to . . the agent" who had sold it to him, and this agent "agreed to write to his house about it;" that he did not use the machine for the purpose of grinding coffee, and did not know whether it would have done that work; if the machine had been sold as a coffee mill for $175, he presumed it was worth that amount. When the machine was delivered, it had no attachment for grinding coffee, although it was actually made for the purpose of grinding coffee, and the sausage attachment was afterwards put on. Another witness testified, that he was present when the machine was received, and that he and the defendant put it up, but that they were never able to use it for grinding meat; that the raw-hide gear was not sufficient to run the mill; that "it was completely worn out and mashed together." There is no evidence that the defendant, on discovering the defects of the machine or that he was unable to operate it as a sausage mill, made an offer to return it or rescind. So far as appears, he kept the machine from the time he received it until the suit was filed (about six months), without complaint further than may be inferred from his statement that he showed the mill to the agent, "who agreed to write to his house about it."

The judge (who, by consent, tried the case without the intervention of a jury) rendered judgment in favor of the defendant; and the plaintiff excepted.

*R. D. Smith,* for plaintiff.

*Fulwood & Murray,* for defendant.