## MULLER *v.* LUDLOW-SAYLOR WIRE COMPANY.

FISH, C. J. 1. Suit was brought on an open account against a person who furnished and installed fixtures for a bank, seeking to recover the purchase-price of certain grilles, wickets, wire partitions, etc. The defendant denied the substantial allegations of the petition, and pleaded that the goods furnished were not as ordered, that the bank declined to

pay the defendant as a contractor for such goods, and that they were rejected by the bank. He also pleaded total failure of consideration, in that the goods delivered were not as ordered, and were worthless. The uncontradicted evidence showed that the defendant contracted with the plaintiff for the latter to furnish to him goods of a certain description; that he had a contract with a bank to install fixtures for it, including the grilles, etc., ordered from the plaintiff; that upon their arrival his agent wrote to the plaintiff, complaining that the plaintiff had failed to ship a top for the teller's cage and a check-rack and ink-stand; also stating that the plaintiff made the cage partition a foot and nine inches higher than it should have been, and that the finish on the grille work was rough; and adding: "Now advise me if I must cut this cage work down and charge to your account, or ship back to you. Also let me know about the top of the cage and check-holders and stands." It did not appear that the plaintiff replied to this letter. Although there was testimony that the defendant did not "accept" the goods shipped, he installed them in the bank where they remained until the trial, which occurred about a year later. *Held:* The defendant could not defeat a recovery entirely, nor did the evidence show total failure of consideration. If he was entitled to have a reduction on the ground that the goods delivered were not in accordance with the contract, but were of an inferior quality, so as to prove partial failure of consideration, the burden was on him to show the extent to which he was entitled to a reduction.

2. The only evidence appearing which would furnish any data on which the jury could determine the amount of the reduction to be allowed, if any, was the testimony of the defendant to the purport that the grille work, finished as it was, was worth at least $30 or $40 less than if it had been finished as it should have been. The presiding judge deducted forty dollars from the amount of the purchase-price and directed a verdict for the balance in favor of the plaintiff. *Held*, that, under the evidence as it appears in the record, there was no error as against the defendant in so directing.          *Judgment affirmed. All the Justices concur.*
FEBRUARY 21, 1914.

Complaint. Before Judge Pendleton. Fulton superior court. December 23, 1912.

*Mayson & Johnson,* for plaintiff in error.
*Felder, Anderson, Dillon & Whitman,* contra.