6554. MYERS v. PHILIP CAREY COMPANY.

BROYLES, J. 1. To a suit upon a written contract for material furnished and labor performed in roofing a building, it is no defense that an express warranty, made by the plaintiff, in the contract, that the roof was to be free from leaks, defective material, etc., for the period of ten years, has been breached, when, immediately following the special warranty, are these words: "Due notice of any leaks or other unsatisfactory service of the roof to be given to the Philip Carey Company [the plaintiff] in writing," and where it is undisputed that no such notice was ever given, and no waiver of the notice was shown, notwithstanding repeated demands made by the plaintiff upon the defendant for payment for the roof. "The parties are to be governed and their rights established by the contract which they made, which in this case is in writing, very full and explicit, and all of its terms, as far as practicable, must be given full effect. The intention is to be gathered largely from what the parties say, the words they use, and, when ascertained, both law and justice require it to be given full effect." *Malsby* v. *Young,* 104 *Ga.* 205, 213 (30 S. E. 854).

2 The defendant filed a plea of total failure of consideration, based upon the plaintiff's alleged breach of the express warranty mentioned above; and while a plea of total failure of consideration includes a plea of partial failure of consideration, yet when, as in this case, the jury are not given any data from which they could reduce the full amount of the contract price, a verdict allowing the defendant the benefit of a partial failure of consideration would be unauthorized. In such a case the plea of a total failure of consideration must be supported by showing that the roof put on by the plaintiff was wholly worthless. The verdict must be either for the full amount claimed, or a general verdict for the defendant. The charge of the court, substantially to this effect, was therefore not error. *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125

*Ga. 558* (54 S. E. 538) ; *Grier* v. *Enterprise Co.*, 126 *Ga.* 17 (54 S. E. 806) ; *Stimpson Specialty Co.* v. *Parker*, 10 *Ga. App.* 295 (73 S. E. 412).

3. The evidence fully authorized, if it did not demand, the verdict returned; no material error of law appears, and the court did not err in refusing a new trial.                    *Judgment affirmed.*

DECIDED JANUARY 27, 1916.

Complaint; from city court of Tifton—Judge R. Eve.   April 9, 1915.

*C. W. Fulwood, L. P. Skeen,* for plaintiff in error.

*H. L. Graves, R. D. Smith,* contra.