7653. THOMPSON OIL MILL CO. *v.* MURRAY CO.

The undisputed evidence demanded a finding for the plaintiff in at least the amount recovered. The court therefore did not err in directing the verdict.

DECIDED JANUARY 23, 1917.

Complaint; from Pulaski superior court—Judge Graham. June 12, 1916.

*W. L. Grice, Hall & Grice, Charles J. Bloch,* for plaintiff in error. *H. F. Lawson,* contra.

GEORGE, J. The Murray Company brought suit against the Thompson Oil Mill Company upon an open account, in the city court of Pulaski county. That court was abolished and the case transferred to the superior court of Pulaski county, in which court the trial resulted in the direction of a verdict for the plaintiff. While the case was pending in the city court of Pulaski county the

plaintiff filed a demurrer to the answer of the defendant; the demurrer was overruled in part and sustained in part, and to that ruling no exception was taken. The case is here upon exceptions of the defendant to the overruling of a motion for a new trial and to the direction of the verdict.

The Murray Company sold to the Thompson Oil Mill Company, upon a written order, certain parts of machinery to be used in connection with a gin plant, already in operation. The defendant admitted that it received the articles sued for, but alleged, that one of its gin plants had been damaged by fire; that it was necessary to make repairs thereon, and that its manager, who gave the order for the parts of the machinery, was unfamiliar with machinery, and, in purchasing the articles sued for, relied upon representations as to what was necessary to put the gin in good condition, made by the salesman of the Murray Company; that when the articles ordered were received it was found that they would not fit, in that the feeder system was too shallow one way and too wide the other, but it is admitted by the defendant that these feeders were made to answer the purpose by the outlay of $25 in labor and material. It was alleged that the press boxes also gave trouble, but that these were made to answer the purpose upon an outlay of $50 in labor and material. In this connection it was claimed by the defendant that the purchase of a hydraulic system, at a cost of $500, was necessary to make the press boxes answer the purpose for which they were intended. It is to be noted, however, that the judge of the city court struck this particular allegation of damage upon demurrer, and no exception was taken. The defendant further contended that it operated two gin plants, one of which was operated under the plant's own power, and the other of which was operated with power furnished from the oil mill, with which the two gin plants were connected. It alleged that it was not able to do any ginning with one of the plants and was forced to do all the ginning with the plant farthest removed from the power system of the oil mill, at an extra cost in fuel and labor of $1000. It also claimed certain other items of damage, to wit: expenses on the articles covered by the bill of particulars, $17; freight on all articles ordered, $68; and for labor in taking out the cylinder and changes thereon, $75. The defendant summed up its allegations by a plea of total failure of con-

sideration, and asked, in addition, for recoupment of damages in a sum stated.

It is contended by the plaintiff in error that the law of the case was fixed in the city court, and that the ruling upon the demurrer in that court was controlling upon the judge of the superior court. On a careful reading of the entire record in the case it will be seen that this contention is beside the question. The verdict could not have been directed upon the theory advanced by the plaintiff in error, that the items of damage claimed were not recoverable. Manifestly the court, in directing the verdict, must have gone on the theory that, after allowing the defendant all the items of damage which it had proved, or which the evidence offered even tended to prove, the undisputed evidence in the case entitled the plaintiff to a verdict in at least the sum directed by the court. The plaintiff consented to the direction of the verdict by the court. It is true that the defendant's superintendent testified: "We ginned only 97 bales of cotton on 8 seventy-saw gins during one season." There is not a line in the evidence tending to show the cost of fuel and labor necessary in order to do the ginning required of the defendant on its gin plant farthest removed from its power plant. The evidence does not disclose how many bales of cotton could, or might have been, ginned upon the particular gin plant for which the articles were purchased, during the season when only 97 bales were in fact ginned, nor indicate in any way what profit it thereby lost. The evidence for the defendant shows that only two of the articles sold the defendant were not properly adjusted to its gin system in use. To quote from the evidence of its witness Wynne: "Only two things were wrong, the feeder system and press boxes." There was no inherent defect in either of these parts, but certain work had to be done in order to fit these parts to the system in use by the defendant. It was admitted by the defendant that every article furnished by the plaintiff was finally made to serve the purposes of the defendant. The superintendent, Mr. Peacock, admitted that none of the parts furnished by the plaintiff were worthless. The contention of the defendant was that they were worthless to it before they were adjusted to the system in use by the defendant. The plea of total failure of consideration was therefore wholly unsustained by the evidence. See *Trippe* v. *McLain*, 87 *Ga.* 536 (13 S. E. 523); *Clegg-Ray Co.* v. *Indiana*

*Scale & Truck Co., 125 Ga. 558 (54 S. E. 538)*. The trial judge allowed the defendant every item of damage supported by the evidence in the case. Moreover, he did not allow interest on the account, which under the undisputed evidence matured in July, 1912. If the accrued interest from July, 1912, to the date of the verdict, March 16, 1916, should be taken into account, it is plain that deductions in excess of every item of damage referred to in the evidence have been allowed the plaintiff in error; and it is therefore in no position to complain of the verdict directed against it. The judgment is therefore

*Affirmed. Wade, C. J., and Luke, J., concur.*