### 7674. TAYLOR v. CONE.

LUKE, J. Where the purchaser of an automobile inspected it personally before the purchase, made a cash payment, gave his promissory note for the remainder of the purchase-price, and received the property, and about four months thereafter made a payment on the note, and in another month made another payment, and, some time after the maturity of the note, on being pressed for payment of the balance due, wrote to the attorney of the holder of the note a letter in regard to it as follows: "Your letter to hand and noted. It is impossible for me to send you check for that amount now. Have got a judgment against the men that owe me, and just as soon as the sheriff can collect the money I will send to you. I think that will be sooner than you can make it out of me to sue me. You know it is hard to collect anything now. I know Mr. Taylor thinks I don't want to pay him, but I can't help it, I am doing all I can do. If he will wait until I can collect this money he shall have it"; the maker of the note, when sued thereon some months thereafter, could not successfully set up the defense that there had been a total failure of consideration. Therefore a verdict in favor of the defendant in this case was wholly unsustained, and the plaintiff was entitled to a judgment for the amount sued for. The court erred in overruling the motion for a new trial. *Baxley Tie Co.* v. *Simpson,* 1 *Ga. App.* 670 (57 S. E. 1090); *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (73 S. E. 412); *Hardee* v. *Carter,* 94 *Ga.* 482 (19 S. E. 715); *American Car Co.* v. *Atlanta Street Ry. Co.,* 100 *Ga.* 254 (28 S. E. 40); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496); and *Page* v. *Dodson Printers' Supply Co.,* 106 *Ga.* 77, 80 (31 S. E. 804).

*Judgment reversed. Wade, C. J., and George, J., concur.*

DECIDED MARCH 15, 1917.

Complaint; from city court of Nashville—Judge Christian. June 2, 1916.

*J. D. Lovett, Hendricks, Mills & Hendricks, J. S. Ridgdill,* for plaintiff. *J. H. Gary, J. P. Knight,* for defendant.