10134.  JONES, administrator, *et al.* v. McMILLAN.

STEPHENS, J.  1. The motion to dismiss the bill of exceptions, upon the
    ground that the assignments of error therein are not properly made,
    is without merit, and is therefore denied.
2. The plea of the defendant as amended set forth no legal defense
    to the plaintiff's suit, and the court erred in not sustaining the
    demurrer interposed, and in not striking the entire plea.
3. The error in the ruling upon the demurrer rendered the further proceed-
    ings nugatory.
       *Judgment reversed.    Broyles, P. J., and Bloodworth, J., concur.*
                  DECIDED SEPTEMBER 19, 1919.

Complaint; from Habersham superior court—Judge J. B. Jones.
August 24, 1918.

J. H. Hicks sued J. W. McMillan for the amount of a due bill
alleged to have been made to him by the defendant.  McMillan
filed an answer, setting up a defense, and in the second paragraph
of the answer it is stated that "defendant admits the execution and
delivery of said due bill, and that plaintiff is the legal holder
thereof, and defendant assumes the burden of proving his defense."
A trial of the case resulted in a verdict and judgment in favor of
the plaintiff, a new trial was granted to the defendant, and, the
plaintiff having died, his administrator and his widow and his
daughter Blanch were substituted as plaintiffs.  The defendant
filed at a subsequent term of the court an amendment as follows:
"And now comes the defendant, and by leave of the court amends
his answer and plea in the above-stated case, and by way of amend-
ment strikes paragraph No. 2 of his original answer wherein it is
alleged that plaintiff is the legal holder of the due bill sued on.
2.  Further answering and for further plea defendant says that
plaintiff J. H. Hicks was not the holder or owner of said due bill at
the time it was sued on, but same was owned by T. G. Spencer, same
having been by said J. B. Hicks sold and endorsed over to said
Spencer, and the said Spencer is holding defendant responsible to
him on said due bill."  The amendment was followed by an
affidavit of the defendant that "at the time of filing his original
answer and plea in the above-stated case he did not omit the new
facts and defense set out in the amended plea and answer above
for the purpose of delay, and the above amendment is not now
offered for delay."  The plaintiff demurred on the following
grounds:  (1)  There is no valid defense set forth in said amended
plea.  (2)  The allegations in paragraph 1 of the amended plea

are wholly inconsistent with and contradictory to the original plea. (3) The amended plea is not sworn to as required by law. (4) The allegations in paragraph 2 of the amended plea do not set forth any valid reason for the defendant to inquire into the title to the due bill sued on. (5) Paragraph 2 does not set forth any valid reason why the inquiring into the title of the due bill would protect the defendant or let in any defense which he seeks to make. (6) The amended plea does not set forth how T. G. Spencer is holding the defendant responsible for said due bill. (7) The amended plea does not show by what authority or right the said Spencer holds or claims title to the due bill. (8) The amended plea does not allege why the defendant could not have known or did not know that Spencer claimed to own the due bill at the time the original plea was filed. (9) It is not alleged how Spencer is asserting his rights to the due bill against the defendant, or why a trial of this case will not be a bar to any suit by Spencer. The court overruled the demurrer, and the plaintiff filed exceptions pendente lite, assigning error on this ruling. At the subsequent trial "the pleadings were read to the jury," and "the plaintiff then put in evidence the year's support proceedings taken out by Mrs. Lula D. Hicks as widow of J. H. Hicks for herself and minor daughter, Blanch Hicks, and the return of the appraisers . . setting apart as a portion of the year's support the debt represented by the due bill sued on in this case and the judgment based thereon, valued at $100, which year's support was by the court of ordinary duly approved and admitted to record." The plaintiffs then rested their case, and the court, on motion of the defendant, granted a nonsuit. In the final bill of exceptions the plaintiffs assign error on their exceptions pendente lite and say that "the court erred in allowing said amendment and overruling said demurrer on all the grounds thereto made at the time said amendment was offered and before it was allowed and filed, as fully appears in the exceptions pendente lite of record." Also: "To the granting of the nonsuit of the plaintiff's case . . the plaintiffs then and there excepted and now except and assign said ruling and judgment. nonsuiting said case as error."

J. C. Edwards & Sons, for plaintiffs, cited: Civil Code (1910), §§ 4290, 5660, 5775; 100 Ga. 139, 141; 97 Ga. 775; 16 Ga. App. 385; 16 Ga. App. 262; 15 Ga. App. 719 (5) ; 111 Ga. 143; 89 Ga.

602; 108 *Ga.* 140, 141; 108 *Ga.* 494; 4 *Ga. App.* 775; 140 *Ga.* 321 (2).

*McMillan & Erwin,* for defendant, cited: 101 *Ga.* 296; 132 *Ga.* 630; 109 *Ga.* 255; 114 *Ga.* 627; 135 *Ga.* 544.