13894.    BROWN SHOE COMPANY *v.* CROSBY.

1. A judgment sustaining a demurrer to a plea cannot properly be assigned as error by a motion for a new trial. *Guaranty Mutual Co.* v. *Seals,* 27 *Ga. App.* 378 (108 S. E. 477).

2. Where a distinct allegation by a plaintiff, that it is a corporation chartered under the laws of a given State, is denied by the defendant, and the defendant, upon the trial, admits a prima facie case in favor of the plaintiff and assumes the burden of proof, but introduces no evidence in denial of the averment, it is not cause for the grant of a new trial to the defendant that the plaintiff, whose name imports a corporation, did not prove the allegation. Under the pleadings, even without the admission, the burden was upon the defendant to sustain its denial. *Van Winkle Gin & Machine Works* v. *Mathews,* 2 *Ga. App.* 249 (1) (58 S. E. 396).

3. "Where goods of a certain quality are ordered on contract for future delivery, and goods of an inferior quality are delivered, the measure of damages is the difference between the market value of the goods delivered, at the time and place of delivery, and the value of goods of the character ordered, at the time and place of delivery. *Seaboard Lumber Co.* v. *Cornelia Planing Mill Co.,* 122 *Ga.* 370 (50 S. E. 121)." *Atlanta Milling Co.* v. *Acme Manufacturing Co.,* 25 *Ga. App.* 699 (104 S. E. 457).

4. An action for the purchase price of goods cannot be defeated by a plea of total failure of consideration, unless the evidence shows that they

were totally worthless for any purpose.  *Hardee* v. *Carter*, 94 *Ga.* 482 (1) (19 S. E. 715); *Stimpson Specialty Co.* v. *Parker*, 10 *Ga. App.* 295 (1) (73 S. E. 412); *Taylor* v. *Cone*, 19 *Ga. App.* 454 (91 S. E. 910); *Muller* v. *Ludlow-Saylor Wire Co.*, 141 *Ga.* 376 (2) (81 S. E. 127).

5. Where, on the trial of an action for the purchase price of goods, the evidence furnishes no data by which the jury may determine the extent of the partial failure of consideration resulting from a breach of a warranty as to the quality of goods purchased, a verdict allowing the benefit of that defense would be unauthorized. *Hornsby* v. *Butts*, 85 *Ga.* 694 (11 S. E. 846); *Otis* v. *Holmes*, 109 *Ga.* 775 (2) (35 S. E. 119); *Myers* v. *Philip Carey Co.*, 17 *Ga. App.* 535 (2) (87 S. E. 825); *Clegg-Ray Co.* v. *Indiana Scale Co.*, 125 *Ga.* 558 (54 S. E. 538).

6. A plea to an action for the purchase price of goods, in which it is alleged that, by reason of a breach of an express warranty as to their quality, the defendant has been injured and damaged in a sum of money stated, less in amount than the purchase price sued for, and alleging further that the defendant has yet "at least two thirds of the stock on hand," and that he is unable to dispose of this remainder "for more than 50% of what they cost him," does not show that the goods are worthless for any purpose, and hence is insufficient as a plea of total failure of consideration. It was error to so hold in overruling a general demurrer thereto.

7. A judgment on demurrer, striking a plea "in so far as the same asserts or attempts to set up a defense upon the theory of a partial failure of consideration," merely for a want of sufficient specifications, does not alter the rule that a plea of total failure of consideration includes the defense of a partial failure, although no exceptions are taken to such judgment. The "law of the case" would not thus exclude the lesser from the greater where the ruling did not go to the merits of the question, and if the plea of a total failure of consideration had been good, it would have been permissible thereunder for the defendant to have proved a partial failure. *Dolvin* v. *American Harrow Co.*, 125 *Ga.* 699 (1) (54 S. E. 706, 28 L. R. A. (N. S.) 785). The effect of such ruling, never excepted to, was merely to adjudicate that the plea was insufficient as a plea of partial failure of consideration, and to eliminate any plea of that character except as it might inhere in a valid plea of total failure. In this case there was no valid plea of total failure of consideration, and the correction of an erroneous judgment holding the contrary, on exceptions by the plaintiff, will operate to eliminate the defendant's pleas in their entirety.

8. Where, after a general demurrer to a plea is erroneously overruled (see paragraph 6 above), the defendant upon the trial admits a prima facie case in favor of the plaintiff and assumes the burden, and at the close of the evidence a verdict is directed for the plaintiff, which verdict is thereafter set aside on the motion of the defendant for a new trial; and where the plaintiff brings exceptions to the granting of the motion, and also to the overruling of its demurrer, the reversal of the judgment overruling the demurrer will relate back to the time of the ruling, rendering nugatory the allowance of evidence in support of the plea,

and establishing that under the pleadings and the admission the verdict as directed was demanded. The grant of the new trial, being infected with the same error, will be set aside and the verdict reinstated. *Jefferson Fire Insurance Co.* v. *Brackin*, 147 *Ga.* 47 (4) (92 S. E. 930); *Jones* v. *Bank of Lula*, 135 *Ga.* 680 (1) (70 S. E. 640); *Crew* v. *Hutcheson*, 115 *Ga.* 511 (2), 525-537 (42 S. E. 16); *Tarver* v. *Park*, 20 *Ga. App.* 87 (92 S. E. 552); *Thomas* v. *Bishop*, 20 *Ga. App.* 594 (93 S. E. 169); Civil Code (1910), § 4137.

9. In the instant case a verdict was directed in favor of the plaintiff. Thereafter a new trial was granted upon the motion of the defendant, based upon the general and various special grounds, including an assignment upon the exclusion of evidence offered by the defendant. The plaintiff excepted to the grant of the motion. *Held:* The verdict as directed was demanded, and would still have been demanded if the evidence rejected had not been excluded; there was no merit in any of the grounds of the motion. For these reasons, additional to rulings of the next preceding headnote, it was error to grant a new trial. *Citizens Bank of Fitzgerald* v. *Rudisill*, 4 *Ga. App.* 37 (1) (60 S. E. 818); *Gordon* v. *Cobb*, 4 *Ga. App.* 49 (4) (60 S. E. 821).

DECIDED JUNE 27, 1923.

Complaint; from city court of Brunswick — Judge Butts. June 28, 1922.

The action was for a balance of $1,231 upon the purchase price of a quantity of shoes. They were sold on orders for later delivery. The defendant filed a plea alleging a breach of an express warranty as to the kind and quality, and sought to set up a failure of consideration. The plaintiff demurred both generally and specially. After the allowance of three amendments to the plea the court rendered a judgment upon the demurrer, reciting that certain *special* grounds of the demurrer were sustained, and the plea " is stricken in so far as the same asserts or attempts to set up a defense upon the theory of a partial failure of consideration," but overruling the demurrer upon all the other grounds, and holding that the " plea and answer as amended, in so far as the same asserts or attempts to set up a defense upon the theory of total failure of consideration, is sustained." The plaintiff excepted pendente lite to so much of the order as in any respect overruled the demurrer. No exceptions were taken by the defendant. The defendant then admitted a prima facie case in the plaintiff and assumed the burden of proof.

At the close of the evidence a verdict was directed for the plaintiff. Thereafter, upon the motion of the defendant upon the general and various special grounds, the court set aside the

verdict and granted a new trial. The plaintiff excepts to this order, and brings up also its exceptions pendente lite.

*Bennet, Twitty & Reese, David H. Pope,* for plaintiff.

*J. W. Powell, Henry O. Farr,* for defendant.

BELL, J. (After stating the foregoing facts.) 1, 2. Headnotes 1 and 2 do not require elaboration. Nor do the others. It only remains to apply to the facts of this case the well known principles therein announced.

3-5. For either of two separate reasons it was error to grant the new trial. First, conceding for the present that no error was committed in the ruling upon the pleadings, the evidence failed altogether to show that the goods were totally worthless. The plea as it stood was not sustained by the proof. Again, no data was furnished by which to determine the reduction to be made for the alleged inferiority in quality or difference in kind, — nothing to indicate the extent to which the consideration had failed.

The nearest approach to the latter requirement was the testimony of the defendant, as follows: "I sold a pair of shoes to a customer, and he brought it back with no sole on it, a lady's shoe, a high-priced shoe. I immediately gave him a new pair of shoes out of stock. I sold that pair of shoes for $10.50 or $9.50, and I gave him another pair." Again: "I sold a pair to R. L. Morgan one Saturday night, and on Monday he brought them back to me shot to pieces. Those conditions apply to the entire lot of shoes." It does not appear how long the customer first mentioned kept the shoe, nor why it became soleless. No effort was made to account for this condition, whether from being *inferior to the quality warranted* or other cause. Neither did replacing this shoe establish the extent to which its value was lessened, if defective; and this was not otherwise shown. One customer gave evidence of having purchased two pair of shoes of the defendant which did not render satisfactory service, but if these were a part of the lot in question (which hardly appears), again no data was furnished by which to determine their proper reduction in value by reason of the defects claimed. Assuming that the condition of the several omission to establish with any sufficient certainty the extent to "the whole lot," as stated by the defendant, there continues the shoes mentioned, including those "shot to pieces," was true of which the consideration may have failed. No evidence whatever

was given of the value of the goods received except by the defendant as follows: " In my judgment the difference in value between the shoes' ordered and the shoes delivered me by the plaintiff had no comparison at all." But error is assigned in the defendant's motion for a new trial upon the exclusion of certain evidence. *Under the theory now discussed,* if, with this evidence admitted, the defendant would have presented an issue for the jury by his evidence as a whole, he would have been entitled to the grant of his motion. But the evidence admitted, with that excluded, would still have presented no issue under the principles above stated. In addition to the cases cited under headnote 4, see the following: *Thompson Oil Mill Co.* v. *Murray,* 19 *Ga. App.* 137, 139 (91 S. E. 217); *Consolidated Phosphate Co.* v. *Sturtevant,* 20 *Ga. App.* 474 (5), 479 (93 S. E. 155); *Spence Drug Co.* v. *American Soda Co.,* 11 *Ga. App.* 473, 477 (75 S. E. 817); *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (1) (54 S. E. 806); *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (3) (73 S. E. 412).

6-8. Secondly, by a judgment upon the demurrer the plea was stricken in so far as it sought to set up a partial .failure of consideration. No exceptions were taken by the defendant to this ruling. The plea was not sustainable upon the theory that it set up a total failure of consideration, because it affirmatively showed a value, and the court committed error in upholding it as a plea of that nature, in passing upon the demurrer. The reversal of that judgment relates back to the time of the ruling, and eliminates the part of the plea then remaining. The evidence of the defendant was thus introduced without any valid plea, and, in view of the improper overruling of the demurrer, was, regardless of the question of its intrinsic merit, ineffective and nugatory. Upon the admission of the prima facie case in favor of the plaintiff, the latter was entitled to the verdict directed. The subsequent grant of the defendant's motion for a new trial, being infected with the error in overruling the plaintiff's demurrer, should be reversed and the verdict restored. See the discussion by Mr. Justice Cobb, in *Crew* v. *Hutcheson,* supra, beginning on page 525.

9. The verdict for the plaintiff being in any possible view demanded, it was error to grant a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*