*A. J. Perryman,* for plaintiff.

*C. W. Foy,* for defendants.

---

14890. HORNE & PONDER *v.* O. B. & E. J. EVANS.

BELL, J. 1. The cardinal rule for the construction of contracts is to ascertain the intention of the parties. If that intention be clear and contravenes no rule of law, and sufficient words be used to arrive at the intention, it should be enforced, irrespective of all technical or arbitrary rules of construction. Civil Code (1910), § 4266. Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible. Civil Code (1910), § 4268 (1). All contemporaneous writings are admissible to explain each other; and parol evidence is admissible to explain all ambiguities, both latent and patent. Civil Code (1910), § 5789. The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. Civil Code (1910), § 4268 (3).

2. It is not essential that a contract be contained in a single paper. Where an action was brought upon a promissory note reciting that it was given for the purchase price of a tractor, and containing the following clause: "No verbal statements have been made not included in this contract, and the property sold is sold without any warranty, express or implied, by vendor or his agent, not herein stated," the note would appear, upon its face, to integrate all the terms and conditions of the sale, but it could be shown, by a writing simultaneously executed, to be only a part of the contract, and it was permissible for the defendant vendee to plead, in defense to the action, that simultaneously with the execution of the note the plaintiff vendor executed and delivered to him a writing containing an express warranty of the quality and serviceability of the property sold, that the two writings together formed the contract, and that the warranty contained in the separate

writing had been breached. *Martin* v. *Monroe*, 107 *Ga.* 330 (3), 333 (33 S. E. 62); *Arnold* v. *Empire Mutual &c. Ins. Co.*, 3 *Ga. App.* 685, 702 (60 S. E. 470); *Cable Co.* v. *McFeeley*, 7 *Ga. App.* 435 (66 S. E. 1103); *Guinn* v. *Marshall*, 156 *Ga.* 480 (119 S. E. 397).

(*a*) The warranty so given by the vendor would not be invalid as a nudum pactum. *Read* v. *Gould*, 139 *Ga.* 499 (2) (77 S. E. 642).

(*b*) The clause in the note, that the property was sold without any warranty "not herein stated," may be shown, by proof of the simultaneous execution of the warranty in a separate writing and of all the attending and surrounding circumstances, to refer, by the phrase just quoted, not merely to the note, but to the entire contract, consisting of both writings. *Cable Co.* v. *McFeeley*, supra.

(*c*) Applying the principles enunciated above, the court did not err in allowing, over objection of the plaintiff, an amendment to the answer, setting up the express warranty alleged to have been contained in the separate writing executed simultaneously with the note sued on; and when this amendment was allowed it was proper for the court to overrule the plaintiffs' demurrer to paragraph 4 of the answer, referring to the breach of an express warranty, although it did not at first show that the warranty was in writing.

3. The express warranty pleaded was: (*a*) that the tractor was "new, [*b*] substantially constructed in workmanlike manner, and [*c*] that it would render all services required of a tractor of its design in every particular." The testimony in behalf of the defendants tended to show the execution of the warranty as alleged, and also that it had been lost. While the plaintiffs denied the execution of such writing, the conflict in the evidence upon this point was one to be solved by the jury. One of the defendants testified as follows, in regard to the contents of this writing: "I don't remember all that was in it, but I know it said it [the tractor] was guaranteed to be all right and to do as good work as any other tractor." Upon the same point the other defendant testified: "It was a printed guarantee and said they guaranteed it to do good work and other things I don't remember." The wife of one of the defendants, who swore she had kept the instrument until it was lost, testified also regarding its contents: "I don't remember all there was in it, but I am sure it said the machine would do first-class work." *Held:* While it is true that where a party bases a right upon an instrument which has been lost or destroyed, he must show, among other things, what were the substantial terms and provisions of the instrument (*Fay* v. *Burton*, 147 *Ga.* 648 (4), 95 S. E. 224; *New Ware Furniture Co.* v. *Reynolds*, 16 *Ga. App.* 19 (3), 84 S. E. 491; *Greer* v. *Young*, 113 *Ga.* 120, 38 S. E. 314), the above-quoted evidence was sufficient to meet this requirement, and was not a fatal variance from the alleged warranties designated above as *b* and *c*.

4. The defendants pleaded that they purchased the tractor "to be used for the purpose of threshing grain, plowing, and general traction work," "which fact and use the plaintiffs knew at the time of the sale;" and thereupon sought a recovery for a loss of toll during the years 1920 and 1921, which they might have earned by the operation of a public threshing machine propelled by the power of the tractor, if the tractor had conformed to the warranties, and also for the loss of the time of

several laborers employed to assist the defendants in carrying on the enterprise named, who were idle certain days in each of the years 1920 and 1921 when the tractor would not work. *Held:* The plea was not sufficient to show that in the sale of the tractor the parties contracted with reference to the intention of the defendants to use the tractor·in this enterprise; and the damages which the defendants sought to recoup were not recoverable. They were dependent upon ·a collateral enterprise not shown to be in the contemplation of both of the parties at the time of the sale. See Civil Code (1910), § 4394; *Willingham* v. *Hooven*, 74 *Ga.* 233 (3) (58 Am. Rep. 435); *Orr* v. *Farmers Alliance Co.*, 97 *Ga.* 241 (4) (22 S. E. 937); *Thornton* v. *Cordell*, 8 *Ga. App.* 588 (4) (70 S. E. 17); *Hall* v. *Case Threshing Machine Co.*, 11 *Ga. App.* 840 (76 S. E. 597); *Smalls* v. *Brennan*, 14 *Ga. App.* 84 (80 S. E. 339); *Williams Mfg. Co.* v. *Schofield's Sons Co.*, 21 *Ga. App.* 23 (2) (93 S. E. 527); *Montgomery* v. *Alexander Lumber Co.*, 140 *Ga.* 51 (2) (78 S. E. 413); *Upmago Lumber Co.* v. *Monroe*, 148 *Ga.* 847 (2) (98 S. E. 498).

(*a*) Under this ruling the court erred in not striking so much of paragraph 5 of the answer as sought recoupment.

(*b*) This ruling is not to be understood as a decision of whether such damages might be shown recoverable by further allegations.

5. "Where goods of a certain quality are ordered on contract for future delivery, and goods of an inferior quality are delivered, the measure of damages is the difference between the market value of the goods delivered, at the time and place of delivery, and the value of goods of the character ordered, at the time and place of delivery. *Seaboard Lumber Co.* v. *Cornelia Planing Mill Co.*, 122 *Ga.* 370 (50 S. E. 121)." *Atlanta Milling Co.* v. *Acme Manufacturing Co.*, 25 *Ga. App.* 699 (104 S. E. 457). See also *Brown Shoe Co.* v. *Crosby*, 30 *Ga. App.* 534 (118 S. E. 446). The averments of the defendants' answer did not show any reason for a variance of this rule.

6. The court allowed an amendment to the answer, setting up fraud in the plaintiffs at the execution of the note. This amendment alleged that the defendant partner who signed the note on behalf of the firm could not read "understandingly, and therefore he could not read the contract sued on," and that the defendants were deceived by certain verbal representations made by the plaintiffs inconsistent with the writing. It appears from the amendment that the other partner was present at the time of the execution of the note, and that the representations were made to both defendants. There is no averment that the other partner could not read, and no reason appears why the note was not read by one of the partners before it was signed. Assuming that the averment that the partner who signed the writing could not read understandingly, and therefore could not read the contract sued on, would have excused this partner from reading the instrument, the amendment was insufficient to show fraud, in the absence of like averments with reference to the other partner. *Stoddard Mfg. Co.* v. *Adams*, 122 *Ga.* 802 (50 S. E. 915). The court erred in allowing such amendment, over the objection of the plaintiffs attacking its sufficiency as an allegation of fraud.

7. The action was in a city court. The verdict was as follows: "We, the jury, find in favor of the defendant and that the plaintiff repossess the machinery as set out in the mortgage dated June 5th, 1920, and that

the note and mortgage cancelled and returned to defendant, and that counter-suit of defendant be cancelled." The plea, by a statement in regard to the operation of the tractor in connection with the defendants' threshing- machine, disclosed that it had rendered at least five sevenths of the service which the defendants required of it in 1920, and eight elevenths in 1921, failing to operate five days in 1920 and three days in 1921. Thus it was shown by the *plea* that the tractor was not worthless. The *evidence* did not furnish to the jury any sufficient data by which to estimate the extent to which the consideration had failed. *Held:*

(a) In order that a recovery may be had for a breach of warranty, damages and the amount thereof resulting from the breach must be shown, and the burden of proof is upon the purchaser: *Brooks* v. *Camak,* 130 *Ga.* 213 (1) (60 S. E. 456). Such a burden is not in any case discharged, unless some data is furnished by which the jury may determine the extent of the damage or failure of consideration. *Hornsby* v. *Butts,* 85 *Ga.* 694 (11 S. E. 846); *Otis* v. *Holmes,* 109 *Ga.* 775 (2) (35 S. E. 119); *Myers* v. *Philip Carey Co.,* 17 *Ga. App.* 535 (2) (87 S. E. 825); *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538). The proof must be such "that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere -guesswork." *National Refrigerator Co.* v. *Parmalee,* 9 *Ga. App.* 725 (1), 726 (72 S. E. 191).

(b) An action for the purchase price of goods cannot be defeated by a plea of total failure of consideration, unless the evidence shows that they were totally worthless for any purpose. *Hardee* v. *Carter,* 94 *Ga.* 482 (1) (19 S. E. 715); *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (1) (73 S. E. 412); *Taylor* v. *Cone,* 19 *Ga. App.* 454 (91 S. E. 910); *Muller* v. *Ludlow-Saylor Wire Co.,* 141 *Ga.* 376 (2) (81 S. E. 127).

(c) There being no sufficient plea of fraud the defendants were not entitled to a rescission of the contract. *Hendley* v. *Chambliss,* 30 *Ga. App.* 736 (119 S. E. 351). A further reason why a rescission could not have been had, even if fraud had been pleaded and shown, is the fact that the defendants kept and used the tractor for a long period of time after the discovery of alleged defects. Civil Code (1910), § 4305.

(d) A jury in a city court cannot lawfully render a verdict granting to one of the parties affirmative equitable relief, as the jury undertook to do by the verdict set out above. *Ragan* v. *Standard Scale Co.,* 123 *Ga.* 14 (1) (50 S. E. 951). While this court has held that where the jury in the trial of a trover case based upon an ex parte rescission for fraud renders a finding the effect of which is to adjudicate that the fraud was perpetrated, and therefore that the entire transaction was null, an additional part of the verdict, providing that a note executed and delivered as a part of the transaction should be cancelled, may be considered as surplusage (see *Davis* v. *Preston,* 12 *Ga. App.* 65 (2), 76 S. E. 766; *King* v. *Dobbs,* 30 *Ga. App.* 441, 118 S. E. 428), such a holding cannot properly be made in the case at bar. This was an action upon a note. There was no sufficient plea of fraud. The evidence did not more than authorize an inference of a breach of a warranty. The transaction could not be found by the jury to be void, and the finding that the tractor should be restored to the plaintiffs and that the note

which was the property of the plaintiffs should be cancelled and re- turned to the defendants was unauthorized, either by the pleadings or the evidence, exceeded the powers of the city court, and was so much of the substance of the verdict that it cannot be disregarded as sur- plusage.

8. Applying the rulings of paragraph 7 above, the court erred in overrul- ing the plaintiffs' motion for a new trial, whatever construction may be placed upon the verdict.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 7, 1923.

Complaint; from city court of Barnesville—Judge Redding. May 28, 1923.

*Dobbs & Barrett,* for plaintiffs.

*Ogden Persons, Herman Johnson,* for defendants.