## 16429.  McNAIR et al. v. MANGET et al.

1. Where parties entered into a writing purporting on its face to be a complete and presently operative contract, by which one of the parties agreed to sell and the other agreed to buy certain cotton on terms specified, a provision therein that the seller was to be furnished also with a "mill contract" necessarily implied that such collateral contract was to be furnished by the purchaser. Assuming that a prior writing in the form of a letter written by the purchaser to the seller and received by him before the execution of the ultimate agreement might be considered in the construction of the provision referred to above, such prior writing in the instant case did not show that the purchaser was not responsible for the furnishing of such mill contract, even though it was actually to be supplied by a third person. The furnishing of the same was not a condition precedent to the completeness of the contract as entered into, nor to the purchaser's obligation to accept and pay for the cotton. Nor could it have been shown to be such by the prior parol negotiations between the parties, the writings appearing to integrate all the terms of the agreement.

2. In the present action by the seller against the purchaser, to recover damages for his failure to accept and pay for the cotton, the court did not err in striking from the purchaser's answer the part which seeks to show by the prior writing and by prior parol negotiations that the furnishing of such "mill contract" was a condition precedent to the effectiveness of the contract, and that, because it had never been furnished, the purchaser was not liable.

DECIDED NOVEMBER 18, 1925.

Action for breach of contract; from city court of Macon—Judge Jordan. March 23, 1925.

Application for certiorari was denied by the Supreme Court.

Manget Brothers Company, a partnership, sued McNair Brothers for damages on account of the alleged breach by them of a written contract for the purchase of certain cotton. The contract as set forth in the petition was as follows:

"Confirmation Number 939                                     Duplicate

"Manget Brothers Company, Cotton.

"Macon, Ga., Jan. 7th, 1922.

"McNair Bros., Macon, Ga.

"Dear Sir: We confirm sale to you of 400 bales of cotton as follows:

"No. bales . . . . Four hundred (400).
"Grade . . . . . 'Middling' inch staple.
"Price . . . . . Nineteen cents (19)
"Landed . . . . . Bladenboro, N. C., Group A.
"Shipment . . . . 200 bales March and 200 bales April.

"Terms    .    .    .    .    .    Sight draft, bill lading attached.

"Remarks    .    .    .    .    Mill contract to be furnished

Manget Bros. & Co., Newnan.

"Please sign and return the duplicate enclosed herewith.

"Very truly yours,

"Manget Brothers Company, per W. C. Flewellen."

"Accepted: McNair Brothers, per I. L. McNair."

The defendants filed an answer, setting up, among other things, the following:

"9.    Further answering, these defendants say that they are not indebted to plaintiff in any form whatever; and that they never made any completed contract with the plaintiff.

"It was well known to Manget Brothers, and to their Macon representative, Mr. W. C. Flewellen, that defendants were not attempting to buy this cotton for their own use, but for another party. Manget Brothers declined to sell the cotton to defendants, and declined to sell to any one, except on a mill order or mill-order contract. This requirement that Manget Brothers was to have a mill contract for this cotton was insisted upon by them and was distinctly made a condition precedent to the sale. January 7th, the date of this confirmation as shown by the copy attached to plaintiffs' declaration, was on Saturday; and it was distinctly understood this mill contract, which was to be furnished, not by McNair Brothers, but by other parties, should be in the hands of Manget Brothers by the following Monday.

"Neither the mill contract, nor what was agreed should be its temporary substitute, a bank guaranty, was sent to Manget Brothers on the Monday referred to, nor was it thereafter furnished, and it thus became [known?] to Manget Brothers that the condition precedent would not be complied with. Without it, the contract so called was not complete and binding on Manget Brothers, and therefore not binding on McNair Brothers. Both parties to this suit realized that there would be no obligation resting on any one unless and until the mill contract was furnished, and furnished by parties at whose instance McNair Brothers were conducting the negotiations with Manget Brothers, and it was this verbal agreement that the "confirmation" shown in the exhibit to plaintiffs' petition refers to. On the same date, McNair Brothers wrote a confirmation to Manget Brothers, which on the

day following was received by Manget Brothers, as follows: 'We are pleased to confirm exchange telephone conversation with you to-day, resulting in purchase from you of 200 bales of middling cotton, inch staple, March shipment to Group A, Carolina Mills, an'd 200 bales April shipment, at 19c landed. This cotton was sold by a Carolina broker to the Bladenboro Cotton Mills, Bladenboro, N. C., and he is to give you a bank guarantee, or mill confirmation, by Monday morning. We have requested that this be wired to your head office at Newnan, so as to save time. We thank you for this business and trust that it means the beginning of a large business between us in 1922.'

"This confirmation or letter was written and signed by McNair Brothers and mailed by. U. S. mail to Manget Brothers, Macon, Ga., before they (McNair Brothers) signed the instrument attached to the petition as Exhibit A.

"These two 'confirmations' are to be construed together, and they together with the prior conversation referred to therein constitute the actual agreement, and show that until Manget Brothers received a mill order from Bladenboro Cotton Mills, the sale was not to be considered as made."

The court, on motion of the plaintiffs' counsel, struck this portion of the answer and rejected evidence in support thereof, and, on the evidence introduced by the plaintiffs, directed the jury to return a verdict in favor of the plaintiffs for the amount sued for. To these rulings the defendants excepted:

*Hall, Grice & Bloch,* for plaintiffs in error.

*Miller & Garrett,* contra.

BELL, J. (After stating the foregoing facts.) The defendants contend that it was agreed between the parties that the plaintiffs were to be furnished with a mill contract for the cotton before the contract which the plaintiffs relied on should be effective, and that, since this was never furnished, the contract never became operative. There is nothing either in the instrument upon which the plaintiffs predicate the action or in the letter set forth in the defendants' answer, or in both together, to support such contention; and to establish it, a resort to parol evidence would be necessary. The language of each and both of the instruments clearly implied an obligation by the defendants to purchase, effectual from the delivery of the confirmation and acceptance sued on, and,

therefore, oral testimony of a different intention would have varied the terms of the agreement and violated the parol-evidence rule. The defendants did not plead a parol condition with respect to which the writings were silent. *Heitmann* v. *Commercial Bank of Savannah,* 6 *Ga. App.* 584 (65 S. E. 590); *Arnold* v. *Malsby,* 120 *Ga.* 586 (48 S. E. 132); *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). The agreement as finally made provided for a "mill contract to be furnished Manget Bros. & Co., Newnan." Speaking only as to this instrument, there was no ambiguity as to who should furnish the mill contract; for presumably the parties contemplated acts to be done only by themselves, and undoubtedly this provision imposed a duty only upon the defendants. Assuming, however, that the writing declared on by the plaintiffs should be construed in the light of the "confirmation" pleaded by the defendants, it still does not appear that the mill contract was to be furnished by a third person for whose act or omission in regard thereto the defendants should not be responsible. In other words, even if both writings are considered together, it still appears that the defendants were obligated to see that such collateral contract was furnished, although it was actually to be furnished by another. The furnishing of the same might have been a condition to the right of the defendants to hold the plaintiffs bound, unless the plaintiffs saw fit to waive the failure to furnish it (*Equitable Mfg. Co.* v. *Davis,* 130 *Ga.* 67 (2), 60 S. E. 262), but such failure on their part, or on the part of another for whose performance they were responsible, afforded no ground for defeating their liability to the plaintiffs, since the condition was one which the plaintiffs could waive or not, at their election, and since it appears that they elected to waive it. The defendants could not take advantage of their own failure to perform a collateral obligation, and thus relieve themselves of their principal liability under the contract. In this view, it is unnecessary to determine whether, if the "confirmation" pleaded by the defendants had been such as to materially vary or contradict the instrument sued on, it should yet, under legal principles, have been considered in construing the latter instrument. See Civil Code (1910), § 5789; *Cable Co.* v. *McFeeley,* 7 *Ga. App.* 435 (66 S. E. 1103). We have merely assumed that the defendants are

right in their contention that the two writings should be considered together, because in doing so we still reach the conclusion that the answer failed to set forth a condition precedent to the completion of the obligation to purchase.

There is no insistence in the brief of counsel for the plaintiffs in error that there was any issue for the jury after the court had stricken paragraph 9 of the answer, and had excluded the evidence tendered in support thereof, but the sole contention made is, that, since the court erred in these rulings, there was not a legal termination of the case. We are not called upon, therefore, to examine the evidence admitted for the purpose of deciding whether the particular verdict was demanded, the assignments with respect to this question being waived by the absence of any reference thereto in the brief. Being of the opinion that such prior rulings were not erroneous upon any ground urged, and the sole contentions with respect thereto being as indicated above, we affirm the judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*