34620. BRUMBY METALS, INC. *v.* SPALDING FOUNDRY
COMPANY.

DECIDED OCTOBER 1, 1953—REHEARING DENIED DECEMBER 16, 1953.

*Eugene T. Branch, Robert L. Foreman, Jr.,* for plaintiff in
error.

*John L. Westmoreland, John L. Westmoreland, Jr.,* contra.

WORRILL, J. Brumby Metals, Inc., sued Spalding Foundry Co.
for damages for breach of contract. Upon the trial of the case
the plaintiff introduced evidence to the effect: that it had entered
into a contract with the defendant for the defendant to manu-
facture a cast-iron base of a boxing bag stand, which the plaintiff
in collaboration with the defendant had designed and developed
for the plaintiff's customer, Candler Enterprises; that the base,
as developed by the plaintiff and the defendant, was to be poured
or cast and provided with a socket for the insertion therein of a
stanchion or upright piece; that, under the express terms of the
plaintiff's agreement with the defendant and under the specifi-
cations arrived at by them in the development of the base, the
socket was to be so provided that the stanchion, when inserted
therein, would be perpendicular to the base; that the 200 bases,
when delivered to the plaintiff were found not to be so made as
to permit the stanchion to stand perpendicularly to the base, but
the various bases delivered by the defendant allowed the stan-
chions to lean or stand out of perpendicular from two to four
inches; that the defect was not discovered in some of the bases
until after they were delivered to the plaintiff's customer (the
evidence being that the plaintiff made up the completed boxing
bag stand by providing the other component parts from other
sources and assembling the completed units, knock-down and
delivering them boxed or crated to its customer) ; that the stands
as manufactured by the plaintiff, using the bases supplied by the
defendant were worthless except as scrap, and as such had a
value not exceeding $4 each, but there was no evidence as to the
value of the bases alone for this purpose. The petition sought
damages on the basis of profits lost by the plaintiff as a result of

the refusal of the plaintiff's customer to consummate the contract of sale with the plaintiff because of the defective bases. The trial judge granted a nonsuit on the theory that, before the plaintiff could recover damages of the defendant based on the plaintiff's loss of profits because of the failure to consummate its sales agreement with Candler Enterprises, it was necessary for the plaintiff to show, but its evidence failed to show, that the defendant had notice of the contract and of its terms, including the resale price of the merchandise.

1. The bill of exceptions, after setting forth the order of the trial court granting the nonsuit, assigns error on that order in the following language: "To this ruling and judgment granting said nonsuit in said cause the plaintiff duly excepted, and now excepts and assigns said ruling and judgment as error"; and further, "And now, within the time provided by law, comes Brumby Metals, Inc., plaintiff in error, and assigning error on the ruling and judgment complained of as being contrary to law, and the evidence in said case, . . ." This language constituted a sufficient assignment of error and the motion of the defendant in error to dismiss the bill of exceptions because of the lack of a sufficient assignment of error is denied. *Jones* v. *McMillan* 24 *Ga. App.* 186 (1) (100 S. E. 226) ; *Glenn* v. *Burgess,* 160 *Ga.* 348 (1) (127 S. E. 757); *Baker* v. *Higgenbotham,* 186 *Ga.* 895 (2) (199 S. E. 174).

2. Properly construing the petition and the evidence in this case, the plaintiff's right to recover is based solely on the failure of the defendant to deliver to the plaintiff goods or merchandise of the quality or meeting the specifications of those ordered by the plaintiff. The measure of damages in such a case was clearly stated in *Atlanta Milling Co.* v. *Acme Mfg. Co.,* 25 *Ga. App.* 699 (104 S. E. 457), as follows: "Where goods of a certain quality are ordered on contract for future delivery, and goods of an inferior quality are delivered, the measure of damages is the difference between the market value of the goods [actually] delivered, at the time and place of delivery, and the value of goods of the character ordered, at the time and place of delivery." Under such a rule, damages based on profits that the plaintiff would have made by a resale of the goods incorporated in a product, or as a part of a new article manufactured by the plaintiff, are too re-

mote and speculative to be allowed, even though the defendant knew of the intended resale or incorporation of the goods in the plaintiff's manufactured product, and of the plaintiff's intended resale under those conditions. See *Seaboard Lumber Co. v. Cornelia Planing Mill Co.*, 122 *Ga.* 370 (50 S. E. 121); *Brown Shoe Co. v. Crosby*, 30 *Ga. App.* 534 (3) (118 S. E. 446); *Horne & Ponder v. Evans*, 31 *Ga. App.* 370 (5) (120 S. E. 787).

3. The burden was on the plaintiff to introduce evidence in support of its case. While the evidence does show that the plaintiff and the defendant entered into a contract for the purchase and sale of 200 cast-iron bases for 200 boxing stands, that the bases were to be manufactured by the defendant in accordance with certain specifications and in conformity with a sample furnished by the plaintiff, that the plaintiff paid the defendant a certain sum for each of the 200 bases, and that the bases as delivered to the plaintiff were not manufactured in conformity with the contract provisions and were not suitable for the purposes intended—the evidence as to the value for scrap of the completely assembled boxing stands being $4 each was insufficient to show the value of the bases alone, and such evidence, which was the only evidence relating to the value of the bases or boxing stands as defectively manufactured, wholly fails to show what damage the plaintiff sustained, or what was the market value of the bases ordered, so as to authorize a verdict for any specific sum. The trial court did not err, therefore, in granting a nonsuit.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*