*C. C. Pittman,* contra.

---

## 11865. LUKE *v.* THE STATE.

1. Refusal to exclude evidence objected to as a whole when in part admissible is not ground for a new trial.
2. A ground of a motion for a new trial which refers to another ground of the motion and can not when standing alone be understood is not in proper form for consideration by this court.
3. Error in admitting testimony over objection is not cause for a new trial where testimony establishing the same fact was admitted without objection.
4. Not merely an opinion of the witness, but a fact, was stated by testimony that a carbon copy could be erased.
5. No opinion as to what was proved was expressed, and no error committed, in charging the jury that " if the instrument was a forged paper, and the defendant knew it and passed it with this knowledge, this would be sufficient evidence of his intent to defraud."
6. The conviction of the accused was authorized by evidence.

DECIDED JANUARY 25, 1921. REHEARING DENIED MARCH 2, 1921.

Indictment for forgery; from Irwin superior court — Judge Eve. August 24, 1920.

*Quincey & Rice, Homer E. Oxford,* for plaintiff in error.

*R. S. Foy, solicitor-general, Rogers & Rogers,* contra.

BLOODWORTH, J. Grounds 1, 2, 3, 4, and 8 of the amendment to the motion for a new trial are but amplifications of the general grounds.

1. Ground 5 complains that certain evidence was erroneously allowed to go to the jury. This testimony, which consisted of several sentences, was objected to en bloc, and at least a portion of it was admissible. " Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable,

unless the illegal portion is specified and properly objected to, the whole will be admitted. " *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3), 698 (92 S. E. 28), and cases cited. See also *Thacher* v. *Carolina Cement Co.,* 21 *Ga. App.* 569 (1) (94 S. E. 838), and cases cited.

2, 3.  Grounds of a motion for a new trial should be complete in themselves, and when any particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error. " *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4), 160 (4) (91 S. E. 32, 34). Under this ruling we are not called upon to consider ground 6 of the motion for a new trial. However, granting, but not conceding, that the admission of the testimony complained of in this ground of the motion for a new trial was error, the error was harmless, as every substantial statement therein was established by other evidence, admitted without objection.

4. A witness was asked: " I will get you to state whether or not a carbon copy can be erased? " To this he replied: " Yes, sir, it can be erased. " This was a statement of a fact, and not " purely an opinion of the witness. "

5. The judge charged the jury: " If the instrument was a forged paper, and the defendant knew it and passed it with this knowledge, this would be sufficient evidence of his intent to defraud. " This was not error. In *Johnson* v. *State,* 127 *Ga.* 278 (4) (56 S. E. 420), the Supreme Court approved a charge in almost these exact words. In thus charging the judge expressed an opinion as to the legal effect of certain facts if proved, but did not express any opinion as to what was proved. " It is not error that the court should tell the jury what the legal effect of evidence is. On the contrary, it is his duty to do so. He must not say or intimate what is or is not proved, but if facts be proved, then he may and should say what effect the law gives to the proof of such facts; and if the facts proved be the only way in which that legal effect or presumptive or logical conclusion in law can be reached, he may also tell the jury that. It will be a strong expression of opinion on the legal effect of facts when proved to the satisfaction of the jury, but it will not be either an expression or intimation of what has been proved to the satisfaction of the jury." *Hagar* v. *State,* 71 *Ga.* 167 (3).

6. The jury had ample evidence upon which to base their finding, the verdict is approved by the trial judge, and the judgment is

*Affirmed. Broyles, C. J., concurs. Luke, J., disqualified.*