## 14819.  MANNING v. THE STATE.

Under the facts of the case it was not cause for a new trial that the court charged the jury to the effect that if they believed from the evidence, beyond a reasonable doubt, that the defendant (who was charged with having had in his possession intoxicating liquors) had in his possession a bottle containing such liquors "at any time two years prior to" the finding of the indictment, "it would make no difference whether the bottle and its contents were in court or not," the jury would be authorized to find him guilty.

It is not ground for a new trial that the court admitted evidence which was objected to as a whole, where a part of it was admissible.

DECIDED NOVEMBER 14, 1923.

Accusation of possessing intoxicating liquor; from city court of Tifton—Judge J. H. Price.  June 9, 1923.

It was testified that a light was flashed in the defendant's face at night and he dropped or threw away a bottle which contained whisky; and, according to the evidence, this occurred shortly after and near the place of the occurrence mentioned in the testimony complained of in the second special ground of the motion for a new trial, which ground was as follows:  "Because the court erred in allowing the following evidence of witness C. T. Bowen for State, which was objected to by defendant for the reason that it illustrated no issue and was prejudicial to defendant: 'Ed Manning [defendant] and two other negroes came by that night.  They went about 75 yards and shot down toward us.  I heard a bullet come right near me;' which objection the court then and there overruled and allowed the evidence to go to the jury; however, restricting the consideration of said evidence for the purpose of identifying the presence of defendant at the time and place of the alleged transaction."

*John Henry Poole,* for plaintiff in error.

*J. S. Ridgdill, solicitor,* contra.

BLOODWORTH, J.  1. Plaintiff in error was accused of having "in his possession, custody, and control a quantity of spirituous, malt, vinous, fermented, and intoxicating liquors."  On the trial the judge instructed the jury, "If you believe from the evidence, and beyond a reasonable doubt, the defendant Ed Manning did, on the date alleged in the accusation or at any time two years prior to the filing thereof, have a bottle in his possession, custody, or control, and that the bottle did contain spirituous, malt, vinous,

or intoxicating liquors, it would make no difference whether the bottle and its contents were in court or not, you would be authorized to find the defendant guilty." Under the facts of this case this charge was not error for any reason assigned.

2. There is nothing in the second special ground of the motion for a new trial that would require a reversal of the judgment. When the evidence to the introduction of which objection was made was allowed to go to the jury, the judge restricted its use to a proper and legitimate purpose. Moreover, part of the evidence objected to was clearly admissible. "Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted. *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3), 698 (92 S. E. 28) ; *Luke* v. *State,* 26 *Ga. App.* 175 (1), 176 (106 S. E. 199), and citations." *Joiner* v. *State,* 29 *Ga. App.* 363 (1) (115 S. E. 278).

3. There is sufficient evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*