## 15276.  REEVES v. THE STATE.

BROYLES, C. J.   1.   Where a ground of a motion for a new trial complains of the admission of a lengthy excerpt from the testimony of a witness, over the objection that all of the excerpt was inadmissible, and it appears that at least a portion thereof was admissible, the ground is too defective to be considered by this court.  *Luke* v. *State*, 26 *Ga. App.* 175 (1), 176 (106 S. E. 199), and citations.  Under this ruling the 2d ground of the amendment to the motion for a new trial is eliminated.

2.  The 3d, 4th, and 5th grounds of the amendment to the motion for a new trial complain of the admission of certain testimony offered to show a confession by the defendant.  The testimony was objected to on the ground that it did not appear that the alleged confession was freely and voluntarily made.  The burden is always on the plaintiff in error to show error, and it is not made to appear from the facts stated in these grounds that the alleged confession was not freely and voluntarily made.

3.  Ground 6, complaining of the admission of certain testimony, shows no reversible error.  Conceding (but not deciding) that the evidence was immaterial and inadmissible, its admission, under all the facts of the case, does not require a new trial.  Furthermore, the same facts given in this testimony were related by the defendant in his statement to the jury.

4.  The evidence authorized the instructions given on the law of confessions and on the law of the recent possession of stolen property—the fruits of a burglary; and these instructions were not erroneous for any reason assigned.

5.  The defendant's conviction did not depend entirely upon circumstantial evidence, and the failure of the court to charge the law of circumstantial evidence, in the absence of a written request therefor, was not error.

6.  Where two or more persons are jointly indicted for burglary, and the evidence authorizes the finding that one of them was guilty as a principal in the second degree, a verdict finding that person guilty of burglary is not contrary to law.  See, in this connection, *Hill* v. *State*, 28 *Ga.* 604; *Johnson* v. *State*, 151 *Ga.* 21 (2) (105 S. E. 603).

(a)  Verdicts are to be given a reasonable construction.  The verdict in this case, "We, the jury, find the defendant Hilory Reeves guilty of second degree burglary.  We fix punishment minimum two years, maximum four years," reasonably and properly construed, under all the facts of the case, meant that the defendant was found guilty of burglary as a principal in the second degree, and, therefore, under the law, guilty of burglary.

7.  The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 15, 1924.  REHEARING DENIED MAY 14, 1924.

Burglary; from Washington superior court—Judge Hardeman.
December 18, 1923.

*Evans & Evans,* for plaintiff in error.

*Walter F. Grey, solicitor-general, J. W. Warren, J. E. Hyman,* contra.