## 15634. GEORGIA WOOL STOCK COMPANY *v.* TRANS-ATLANTIC CLOCK & WATCH COMPANY.

The general rule, that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration," did not apply in this case so as to prevent the purchaser from setting up defects and deficiencies complained of after a different reason for refusing to accept the goods had been assigned.

The defendant, having accepted and paid for the first shipment of goods under the contract, could not rescind and refuse to accept the second shipment on the ground that a part of the goods first shipped were defective.

There being no express warranty, and no legal or tangible proof as to defects in the articles included in the second shipment, the trial judge did not err in directing a verdict for the contract price of the articles included in that shipment.

DECIDED FEBRUARY 12, 1925.

Certiorari; from Fulton superior court—Judge Bell. April 15, 1924.

*Elliott Cheatham,* for plaintiff in error.

*W. S. Dillon, W. J. Davis Jr.,* contra.

JENKINS, P. J. A vendor sued a vendee, in the municipal court of Atlanta, for the balance of the purchase price of one hundred pistols and of other articles bought under a single order. Twenty-seven of the pistols were first shipped, and the remaining seventy-three subsequently. The undisputed evidence showed that the defendant vendee used and paid for the first twenty-seven pistols, although one of its witnesses testified that three of these, when tested, proved defective, and that "the springs in the firing pin were not strong enough to fire the cap." The defendant returned the second shipment of pistols with other merchandise, first assigning, in its letter to the plaintiff vendor, as a reason therefor, that it could not "use same, as we have changed our plans for our

winter catalogue," but in a letter to the plaintiff twelve days later, in reply to the plaintiff's letter insisting upon payment, assigning as a reason that "we tried for a whole week to get one of these guns to shoot and were unable to do so; we mailed out some to our customers and every one of them were returned." It does not appear just when the returned shipment reached the plaintiff. The evidence failed to show that any test or mechanical examination whatever was made of the guns received in the second shipment, and it is admitted by counsel in the briefs that "other items are not here contested." The only possible contention made in the trial with reference to defectiveness in the second lot of firearms, other than the self-serving declaration contained in the second letter, not to be accounted as of evidential value, appears to be that they were of the same make, part of the same order, and in superficial appearance were like the first shipment, three of which twenty-seven had proved defective on test. In the defendant's testimony there was some reference to an "unusually large number of guns being returned" by customers, but it does not appear to which shipment, if either, this referred; and the only definite statement as to such returns appears to be, "I should say 5 or 6 were returned out of the 27;" thus apparently referring to the first shipment. The defendant excepts to the overruling by the superior court of its certiorari from the verdict directed for the plaintiff and the judgment thereon.

1.  The general rule, as stated in *Fenn* v. *Ware,* 100 *Ga.* 563, 566 (28 S. E. 238), that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration" (see also *Tuggle* v. *Green,* 150 *Ga.* 361 (2), 370, 104 S. E. 85; *Frank & Meyer Neckwear Co.* v. *White,* 29 *Ga. App.* 695 (3), 116 S. E. 855; *Cowdery* v. *Greenlee,* 126 *Ga.* 786, 789, 55 S. E. 918, 8 L. R. A. (N. S.) 137), does not have application in the instant case so as to prevent the defendant from setting up the defects and deficiencies complained of, by reason of the fact that it had written a previous letter assigning a different reason for refusing to accept the goods, since in the instant case the defense now relied upon was in fact urged before any controversy or litigation arose, and the record does not disclose any fact from which an inference could be drawn that

the defendant's previous letter "has caused [the plaintiff] to act respecting the matter to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for [its] conduct and decision in the matter." *Union Brokerage Co.* v. *Beall,* 30 *Ga. App.* 748 (1) (119 S. E. 533) ; *Riverside Academy* v. *Urigh,* ante, 455.

2.   Under the contract for the sale of one hundred pistols, where twenty-seven were delivered, paid for, and used by the vendee, and the remaining seventy-three were subsequently delivered, the vendee could not rescind the contract upon the ground of the defectiveness of some of the firearms contained in the first shipment. *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.,* 145 *Ga.* 559 (2) (89 S. E. 486) ; *Carolina Portland Cement Co.* v. *Turpin,* 126 *Ga.* 677, 678 (55 S. E. 925). "If   a vendee has accepted a portion of goods contracted for, and they prove inferior to those stipulated for, he can not for this reason refuse to accept the residue ; but if the residue prove inferior, he may refuse to accept them." *Henderson Elevator Co.* v. *North Ga. Milling Co.,* 126 *Ga.* 279 (3, 4), 282 (55 S. E. 50) ; *Small* v. *Robertson,* 28 *Ga. App.* 161 (1, 2), 162 (110 S. E. 504).

3.   In the instant case there was no express warranty, but the defect complained of relates solely to the unsuitability for the purpose intended of some of the articles included in a single order or contract of purchase.   Whether or not the contract be construed as entire or separable, there being no sort of legal or tangible proof as to any defects in the articles included in the second shipment, a verdict for the plaintiff for the contract price of the articles included in the second shipment was properly directed, and the superior court did not err in overruling the certiorari.

*Judgment affirmed.   Stephens and Bell, JJ., concur.*