.16193.   GOODRICH RUBBER COMPANY *v.* BARBER.

Where a part of evidence offered as a whole is admissible, an objection to the whole is not sufficient; the objectionable part should be pointed out.

The instruction complained of is not erroneous, when considered with the remainder of the charge of the court.

Some evidence supports the verdict.

DECIDED MAY 14, 1925.

Complaint; from city court of Jefferson—Judge Bryson. December 31, 1924.

*Egbert Beall,* for plaintiff.

*E. C. Stark,* for defendant.

BLOODWORTH, J. 1. "Where evidence is offered in mass, and parts of it are competent, an objection going to the entire evidence, without specifically pointing out that which is incompetent, will not avail the objecting party in the reviewing court." *Knight* v. *State,* 143 *Ga.* 678 (6). " 'Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted.' *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3), 698 (92 S. E. 28) ; *Luke* v. *State,* 26 *Ga. App.* 175 (1), 176 (106 S. E. 199), and citations." *Joiner* v. *State,* 29 *Ga. App.* 363 (1) (115 S. E. 278). Under the foregoing rulings that ground of the motion for a new trial based upon alleged errors of the court in admitting evidence is without merit. Moreover, this ground is not unqualifiedly approved by the trial judge. See, in this connection, *Collier* v. *Moore,* 31 *Ga. App.* 229 (8) (120 S. E. 441).

2. When considered in connection with all the evidence and the remainder of the instructions given to the jury, there is no error in the excerpt from the charge which appears in the motion for a new trial.

3. There is some evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*