16389.    GOODRICH RUBBER CO. *v.* CAPITAL CITY TIRE
& SUPPLY CO.

1. No ruling on the pleadings, to which exceptions pendente lite were
   filed, was erroneous.
2. In the grounds of the motion for a new trial based on alleged errors in
   the charge there is no error that requires a rehearing.
3. In the light of the entire charge and in the absence of a written re-

quest, the court did not err in refusing to instruct the jury as set out in the 19th ground of the motion for a new trial.

4. A new trial is not required because of the admission of the evidence of witnesses Gillooley and Phillips.

5. The verdict is contrary to law and not supported by the facts.

DECIDED OCTOBER 8, 1925.

Complaint; from Fulton superior court—Judge Ellis. March 2, 1925.

*W. S. Dillon, Jones, Evins, Moore & Powers,* for plaintiff.
*Troutman & Troutman, Fuller & Bell,* for defendant.

BLOODWORTH, J. Only the 4th and 5th headnotes will be elaborated.

4. The ground of the motion for a new trial to which reference is made in the 4th headnote related to certain evidence of witnesses Gillooley and Phillips. For no reason alleged was the admission of the evidence of Gillooley, of which complaint was made, erroneous. The evidence of Phillips embodied in special ground 23 of the motion was not inadmissible for any reason urged against it. Moreover, it was objected to "in mass." Part of it was clearly admissible. "Where a ground of a motion for a new trial complains of the admission of a lengthy excerpt from the testimony of a witness, over the objection that all of the excerpt was inadmissible, and it appears that at least a portion thereof was admissible, the ground is too defective to be considered by this court. *Luke* v. *State,* 26 *Ga. App.* 175 (1), 176 (106 S. E. 199), and citations." *Reeves* v. *State,* 32 *Ga. App.* 29 (1) (123 S. E. 28). See *Knight* v. *State,* 143 *Ga.* 678 (6) (85 S. E. 915). The rulings in these cases disposes of this ground of the motion adversely to movant. Ground 24 of the motion contains other evidence of the witness Phillips, and one of the grounds of objection thereto was that "the testimony failed to show that the tires testified about were related in any way with the tires in question." This conclusion is erroneous. Moreover, the court charged the jury as follows: "The court instructs you not to consider evidence with reference to defects of other tires unless there is evidence to show you that the tires now on hand were manufactured by the same process and in the same manner and of the same material and under the same or similar conditions as the other tires which are claimed to have been defective." Under these instructions the jury could not have been

misled by this evidence even should we concede that it was erroneously admitted, which we do not.

5. The court charged the jury that "The defendant alleges that the tires are worthless, and that they are not subject to the provision for adjustment as set out in said contract, and therefore there is a breach of the contract on the part of the plaintiff. The court instructs you that in order for the defendant to recover in this case, it is necessary that it show that said tires are wholly worthless. . . If you believe from the evidence in the case that the tires which the defendant now has on hand and as described in its answer and cross-petition are not entirely worthless and have any value in them, defendant can not recover, and you should find for the plaintiff." That the principle here announced is correct is shown by the following cases: *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (73 S. E. 412); *Brown Shoe Co.* v. *Crosby,* 30 *Ga. App.* 534 (4) (118 S. E. 446); *Horne* v. *Evans,* 31 *Ga. App.* 372 (7 *b*) (120 S. E. 787); *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (4) (120 S. E. 792); *Harmon* v. *Block,* 32 *Ga. App.* 700 (124 S. E. 548); *Hornsby* v. *Butts,* 85 *Ga.* 694 (11 S. E. 846). In the face of the instructions quoted above, and notwithstanding the evidence did not show that the tires were "wholly worthless," but on the contrary, there being direct evidence to show them to be of some value and other evidence from which the jury would have been authorized so to find, the verdict returned was as follows: "We, the jury, find for the defendant in the sum of the difference between, first, the claim of the defendant $5704.00 and interest at 7%, and, second, $3782.09 with interest at 7%; interest in both instances to be figured from October 23, 1920, to date; the 108 solid Goodrich Truck Tires to be returned to plaintiff by defendant." This was a finding for the defendant for the amount asked for in its cross-petition, and, under the pleadings and the evidence, the verdict is contrary to the law and the facts, and the judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*