28594. MALCOM *v.* THE STATE.

DECIDED FEBRUARY 1, 1941.

*Roberts & Roberts,* for plaintiff in error.

*Henry H. West, solicitor-general, C. W. Peebles,* contra.

BROYLES, C. J. The defendant was indicted for murder, and was convicted of voluntary manslaughter. His motion for new trial was overruled, and he excepted. The first special ground of the motion complains of the admission of certain evidence. The objection was that the evidence was "prejudicial and immaterial

to the issues" of the case. The evidence objected to was quite lengthy and takes up two typewritten pages of the record. That evidence was objected to *as a whole,* no *particular portion* of it being objected to; and counsel for the plaintiff in error concede in their brief that a part of the evidence was admissible. It is well settled by repeated decisions of the Supreme Court and this court that a ground of a motion for new trial, alleging that the court erred in admitting certain evidence which was objected to as a whole, is not a good ground where it appears that a part of the evidence was admissbile. *Macon, Dublin & Savannah R. Co.* v. *Anchors,* 140 *Ga.* 531 (2), 536 (79 S. E. 153); *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (5) (100 S. E. 373); *Adams* v. *State,* 27 *Ga. App.* 48 (107 S. E. 388); *Calloway* v. *State,* 20 *Ga. App.* 189 (92 S. E. 944); *Luke* v. *State,* 26 *Ga. App.* 175 (106 S. E. 199). The ground shows no cause for another hearing of the case.

The remaining special ground assigns error on. the failure of the court to charge the law of involuntary manslaughter in the commission of an unlawful act. There was no request for such a charge. The accused and the deceased were negroes. The evidence showed that about half an hour prior to the homicide the accused said that he was going to kill two or three "niggers," and that "I am going to kill me one before night." The evidence further disclosed that the accused and the deceased began fighting each other; that the deceased was striking the defendant on the head with a stick; that the defendant was endeavoring to cut the deceased with an open knife; that after fighting for "a good while," the deceased broke away from the defendant and ran off; that the defendant pursued the deceased, caught up with him, threw him on the ground, got on top of him, got his hands around the throat of the deceased, and choked him for about five minutes until he was dead; that the defendant then got off of the deceased and said: "I have done killed the son of a bitch. When I kill them two more I am willing to go to the electric chair." In view of the foregoing evidence, the failure of the court to charge the law of involuntary manslaughter in the commission of an unlawful act was not error, especially so in the absence of a request for such a charge. In our opinion the following holding in *Thornton* v. *State,* 107 *Ga.* 683 (6) (33 S. E. 673), is applicable to the facts of this case: "Under

the evidence in this case, there was no reasonable theory upon which the defendant could have based his contention that, if he was guilty of any crime at all, it was involuntary manslaughter. Even if such theory could have been predicated upon the statement of the defendant, there was no error in omitting to charge the jury what would be the form of their verdict in the event they found the defendant guilty of involuntary manslaughter, no request to charge on this subject having been made by the defendant's counsel." The decision in *Kelly* v. *State,* 145 *Ga.* 210 (88 S. E. 822), cited in behalf of the accused, where the court made a ruling contrary to that in *Thornton* v. *State,* supra, was practically overruled in *Bryant* v. *State,* 157 *Ga.* 195, 202 (121 S. E. 574), the court there stating that the ruling in the *Kelly* case must yield to the prior ruling in the *Thornton* case. The other authorities cited in behalf of the plaintiff in error are distinguished by their facts from the instant case. While some of the evidence authorized a verdict for murder, there was other evidence which authorized the jury to find that the defendant and the deceased were engaged in a mutual combat and that the homicide was voluntary manslaughter.

The verdict was amply authorized by the evidence; and counsel for the plaintiff in error recognize this, as they state in their brief that "we do not rely on the general grounds of the motion for new trial."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*