35584. TRIBBLE *et al. v.* COTTON PRODUCERS ASSN.

DECIDED APRIL 8, 1955—REHEARING DENIED MAY 6, 1955.

*Geo. B. Culpepper, Jr., D. W. Wells,* for plaintiffs in error.

*Harris, Russell, Weaver & Watkins, T. Reese Watkins, W. J. Wallace,* contra.

GARDNER, P. J. 1. Upon analyzing the record, we conclude that the defendants have admitted the execution and the validity of the contract by which they agreed to purchase ten thousand bushels of white corn at a specified price, plus storage, after March, 1953. The defendants admit that they accepted, used, and paid for 3,792.87 bushels of corn during the month of August, 1953. There is no dispute regarding the fact that the defendants refused to take the balance of 6,207.13 bushels of corn under the contract. There is no dispute as to the agreed price, including

storage. There is no conflict in the proof of loss sustained by the plaintiff upon the resale of the 6,207.13 bushels remaining undelivered. There is no dispute regarding the evidence that the defendant refused then and there to take the balance of the corn undelivered. There is no conflict in the evidence that, when the notice of refusal was conveyed by the defendants to the plaintiff, they were notified that the remaining 6,207.13 bushels of corn would be resold for the account of the plaintiff at the earliest possible time and for the best obtainable price, and that the defendants would be held responsible for any loss sustained by the plaintiff for such resale. There is no dispute regarding the evidence that the balance of the corn was sold during September and that a full accounting was made for the price obtained on such resale. There is no dispute regarding the evidence that the exact amount of loss sustained by the plaintiff on the resale was $6,009.97. We think the record shows that the only issue of fact presented by the pleadings and the evidence in the case is as to the quality of the 3,792.87 bushels of corn accepted, paid for, and used by the defendant.

The witnesses for the defendant in the trial of the case gave evidence solely as to the condition of the corn which the defendant accepted, paid for, and used. The defendant contends that, since the evidence as to the quality of the corn accepted, paid for, and used by the defendant was in conflict, the trial court committed reversible error in not submitting the case to the jury for determination. To state it differently, did the trial court commit reversible error in directing a verdict for the plaintiff? In *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (3) (55 S. E. 50), the court said: "Where there was a contract of sale of corn and a portion was delivered, paid for, and used by the purchaser, he cannot rescind the contract upon the ground that the quantity received and accepted by him was inferior in quality to that stipulated in the contract." In division 3 of the same opinion, the court said: "It was their contention on the trial that the corn which was accepted by them was of inferior grade, and because of this fact, and the failure of plaintiff to deliver within the stipulated period, they refused to accept the balance of the corn. If a vendee has accepted a portion of a quantity of goods contracted for, and they prove

inferior to those stipulated for, he cannot for this reason refuse to accept the residue; but if the residue prove inferior, he may refuse to accept them."

This court has passed upon the issue here in question in *Acme Brewing Co.* v. *Rahr Sons Co.*, 10 *Ga. App.* 564 (73 S. E. 955). The facts in that case are that the contract was for 10,000 bushels of malt to be delivered between May and October. Shipments were made on different occasions, totaling 7,979 bushels, ordered and accepted by the defendant, who had paid the contract price therefor. The defendant in that case contended that each of the shipments accepted and paid for contained malt inferior in kind and quality to those intended by the contract, due to the presence of unreasonable trash and screening in every shipment. The defendant contended that, since the plaintiff had breached its contract by shipping inferior malt, he was not bound to accept the balance of the malt under the contract. The trial court struck the defendant's answer and thereafter entered judgment against the defendant. This court, relying on the ruling of the Supreme Court in *Henderson Elevator Co.* v. *North Georgia Milling Co.*, supra, affirmed the trial court's action. The headnote in the *Acme Brewing Company* case is as follows: "The contract was entire. There was no offer or attempt to return any of the malt, but on the contrary a deduction for deficiency in quality was accepted by the purchaser, and the malt put to his own use; consequently the purchaser estopped himself from rescinding the contract. The facts as stated by the pleadings are practically and substantially identical with those in *Henderson Elevator Company* v. *North Georgia Milling Company*, 126 *Ga.* 279 (55 S. E. 50), and the decision of the Supreme Court in that case is fully controlling; so there was no error in striking the defendant's answer, nor in thereafter entering judgment for the plaintiff."

In *Georgia Wool Stock Co.* v. *Trans-Atlantic Clock & Watch Co.*, 33 *Ga. App.* 465 (126 S. E. 902), this court sustained a verdict in a case similar to the case at bar, and among other pertinent observations, said: "The defendant, having accepted and paid for the first shipment of goods under the contract, could not rescind and refuse to accept the second shipment on the ground that a part of the goods first shipped were defective."

In the same case the court further said: "There being no sort of legal or tangible proof as to any defects in the articles included in the second shipment, a verdict for the plaintiff for the contract price of the articles included in the second shipment was properly directed." See *Stewart-Morehead Co.* v. *Bibb Mfg. Co.*, 32 *Ga. App.* 507 (124 S. E. 64); *Seabolt* v. *Christian*, 82 *Ga. App.* 167 (60 S. E. 2d 540); and *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.*, 145 *Ga.* 559 (89 S. E. 486).

Under the pleadings and the evidence, when applied to the law as hereinabove set forth by quotations and citations, the court did not err in directing the verdict for the plaintiff, since such verdict was demanded.

We have taken into consideration the position of counsel for the defendants to the effect that, since the corn delivered and paid for was defective, the jury would be authorized under the evidence to find that the defendant was authorized to refuse to accept the remainder of the corn in dispute. In support of this contention, our attention is called to Code §§ 96-304, 96-305; *Mound City Roofing Tile Co.* v. *Walker*, 33 *Ga. App.* 207 (125 S. E. 863); *Snowden* v. *Waterman & Co.*, 105 *Ga.* 384 (31 S. E. 110); *Means* v. *Subers*, 115 *Ga.* 371 (41 S. E. 633); *Goodrich Rubber Co.* v. *Capital City Tile &c. Co.*, 34 *Ga. App.* 462 (129 S. E. 875); *National Computing Scale Co.* v. *Eaves*, 116 *Ga.* 511 (42 S. E. 783); *Kronman* v. *Roush Produce Co.*, 3 *Ga. App.* 152 (59 S. E. 320); *Courier-Journal* v. *Howard*, 119 *Ga.* 378 (46 S. E. 440). A careful reading of the authorities cited on behalf of the defendants shows no authority applicable to the facts in the instant case.

The special ground is without merit for the reasons given hereinabove.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*